IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

REBECCA COTTERMAN,                    :

              Plaintiff,            :        Case No. 2:04-cv-1008

     v.                                      :        Judge Holschuh

QUALITY WOOD TREATING CO.,       :        Magistrate Judge Abel
*et al.*,
                         :
              Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on Defendant Franklin County Board of Mental Retardation and Developmental Disabilities' March 9, 2005 motion to dismiss (doc. 40) and Plaintiff Rebecca Cotterman's March 16, 2005 supplemental memorandum concerning remand (doc. 42).  This case was originally filed in the Franklin County Court of Common Pleas, Ohio.  On October 18, 2004, it was removed on the basis of diversity of citizenship.  However, Plaintiff and one of the four defendants, the Franklin County Board of Mental Retardation and Developmental Disabilities ("MRDD"), are residents of the State of Ohio.  Accordingly, Plaintiff filed a motion to remand.  In response, MRDD maintains that Plaintiff has no cause of action against it and that it was fraudulently joined in order to destroy diversity jurisdiction.

**I.  Facts.**

On September 7, 2004, Cotterman filed suit which eventually named four

1

Defendants: Quality Wood Treating Co.; National Industrial Lumber Co.;[1] John Doe-Name Unknown; and MRDD.  She alleges that the manufacturers, distributers, and Cotterman's employer, MRDD, are liable for failing to warn her about the toxic effects of treated wood, and that by exposing her to treated wood at her workplace, she suffered "toxic injuries."[2]

On October 26, 2004, Cotterman filed a motion to remand arguing that Defendant MRDD is a non-diverse party and therefore removal was improper.  It is uncontested that Cotterman and MRDD are both citizens of the State of Ohio for purposes of diversity jurisdiction.  However, Quality Wood argued in its response to Cotterman's motion to remand that MRDD had been fraudulently joined as a Defendant, but even if not fraudulently joined, Cotterman had failed to state a claim against MRDD.  Defendants argued that generally under the Ohio Workers' Compensation Act, an employee may not sue their employer "for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment."  O.R.C. § 4123.74; *see Jandro v. Ohio Edison Co.,* 167 F.3d 309, 313 (6th Cir. 1999).  Rather, the employee may seek redress through the Workers' Compensation Act.

On February 22, 2005, the Magistrate Judge issued a report and

---

[1]  For the sake of clarity, National was not named as party until this action was removed to this Court.  Accordingly, National did not need to consent to removal.

[2]  In her first amended complaint, she identifies the following causes of action: Count I, failure to warn; Count II, strict liability/products liability; Count III, breach of implied warranty of fitness; and Count IV alleging that Defendants should be required to pay punitive and exemplary damages.

recommendation.  The Magistrate Judge agreed that Cotterman would generally have to seek redress under the Ohio Workers' Compensation Act, but he recognized an exception when an employee makes "an employment intentional tort" claim against an employer.  O.R.C. § 2745.01.  An "employment intentional tort" is defined as "a tortious act" committed by an employer "with the intent to injure or the belief that the injury was substantially certain to occur." O.R.C. § 2745.01.   Further if the employer "deliberate[ly] made a] misrepresentation [about] a toxic or hazardous substance [it] creates a rebuttable presumption that the . . . misrepresentation was committed with the intent to injure another if an injury or an occupational disease or condition occurs as a direct result." O.R.C. § 2745.01(C). Therefore, to establish an intentional tort claim, there are three elements: "(1) the defendant had knowledge of the existence of a dangerous condition, process, procedure, or instrumentality, (2) the employer knew with substantial certainty that the employee was likely to suffer harm, and (3) the employer required the employee to perform the job despite its knowledge of the danger."  *Jandro,* 167 F.3d at 313 (citing *Fyffe v. Jeno's Inc.*, 59 Ohio St. 3d 115, (1991)).

The Magistrate Judge further found that Cotterman's first amended complaint contains allegations suggesting that MRDD engaged in intentional tortious conduct, but her claim has some ambiguity.  The first amended complaint states,

> 10.  As a direct result of the non-negligent, negligent, and/or willful acts and omissions of the defendants, REBECCA COTTERMAN suffered injuries, including toxic effects to her body, limitation of activities, emotional distress, pain and suffering, loss of income, and past and future hospital, medical, and prescription drug expenses.

> * * *

> 13.  Since January 10, 1986, each defendant has known, or should have

3

> known, that exposure to inorganic arsenic on and in treated wood may present certain hazards.
>
> 14.  Each defendant negligently, willfully and/or maliciously failed to warn REBECCA COTTERMAN that exposure to inorganic arsenic on and in treated wood may present certain hazards.

It contains other similar allegations in that the complaint states that Defendants acted "negligently, willfully and/or maliciously" in failing to warn and exposing Cotterman to the treated wood.  (*See* Compl., ¶¶ 18, 20, 22, 24, 25, and 26).

In order to clear up any ambiguity, the Magistrate Judge granted Cotterman leave to amend her complaint to formally plead an intentional tort claim against MRDD. Further, the report and recommendation also deferred ruling on the issue of remand until supplemental briefs could be filed following Cotterman's filing of the amended complaint (doc. 29).  In her second amended complaint, Cotterman specifically adds Count V, a claim entitled intentional tort claim.

**II.  Arguments.**

In Cotterman's supplemental memorandum concerning remand, she argues that remand still remains appropriate.  MRDD has always been a party to this litigation; it was not a non-diverse party added after removal.  Her intent has been to plead an intentional tort claim against MRDD and that the second amended complaint merely clarified her claims against MRDD.

Defendant Quality Wood Treating Co. argues that the first amended complaint failed to state a cause of action against MRDD, and that her second amended complaint also fails to state a cause of action because MRDD is a political subdivision that is protected by immunity pursuant to the Political Subdivision Tort Liability Act; and

therefore, an intentional tort claim cannot be brought against MRDD.  O.R.C. §

2744.02(A)(1).  Cotterman responds by arguing that her claims against MRDD are not

barred by immunity because the Act is unconstitutional.

**III.  Discussion.**

"When an action is removed based on diversity, [the court] must determine

whether complete diversity [existed] at the time of removal."  *Coyne v. American

Tobacco Co.*, 183 F.3d 488, 492 (1999).  Diversity jurisdiction requires complete

diversity across the versus line.  *Id.*  The "party 'seeking to bring a case into federal

court carriers the burden of establishing diversity jurisdiction.'"  *Id.* at 493 (quoting *Her

Majesty The Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332,

339 (6th Cir. 1989)).  However, an exception to complete diversity exists, when a party

has been fraudulently joined to the litigation in an effort to destroy diversity jurisdiction.

*Id.*  In order to prove fraudulent joinder, "the removing party must present sufficient

evidence that a plaintiff could not have established a cause of action against non-

diverse defendants under state law.  *Id*.  (citing *Alexander v. Electronic Data Sys. Corp.*,

13 F.3d 940, 949 (6th Cir. 1994)).  "However, if there is a colorable basis for predicting

that a plaintiff may recover against non-diverse defendants, this Court must remand the

action to state court."  *Id.*  Any ambiguities in the controlling state law must be resolved

in favor of the non-removing party.  *Id*.

It is uncontested that MRDD was a non-diverse Defendant when this action was

originally filed and removed.  As already stated, Ohio permits intentional tort claims to

be brought against employers.  Cotterman's first amended complaint stated that

Defendants acted "negligently, willfully, and/or maliciously," which could include

5

intentional acts.  However, Cotterman's second amended complaint clarified any uncertainty.  The second amended complaint unambiguously states that it is seeking a claim against her employer for an intentional tort.  Quality Wood and/or MRDD have not overcome the burden of showing that Cotterman does not have a colorable claim against MRDD based on state law.

However, in MRDD's motion to dismiss and in Quality Wood's supplemental response to remand, it is argued that MRDD is protected from liability under the Political Subdivision Tort Liability act.  O.R.C. § 2744.01.  This provision has been interpreted to generally provide immunity from civil actions to MRDD for governmental and proprietary functions.  *See Terry v. Ottawa County Bd. of MRDD*, 151 Ohio App. 3d 234 (2002).  However, in *Kammeyer v. City of Sharonville*, 311 F. Supp. 2d 653, 662 (S.D. Ohio 2003), the court determined that this provision was unconstitutional because it violated the plaintiffs' constitutional rights to trial by jury and remedy under the Ohio Constitution.  The Supreme Court of Ohio has not yet directly dealt with the constitutionality of this provision; however, it has suggested that if confronted with the issue it would hold the provision unconstitutional.  *Id.* at 662 (citing *Butler v. Jordan*, 92 Ohio St. 3d 354 (2001)).  It is the removing party's burden to present evidence that Cotterman does not have a colorable state law claim.  Defendants have not met this burden.

Accordingly, I **RECOMMEND** that Defendant Franklin County Board of Mental Retardation and Developmental Disabilities' March 9, 2004 motion to dismiss (doc. 40) be declared **MOOT** because this Court is without jurisdiction to hear this motion.  I **FURTHER RECOMMEND** that Plaintiff Rebecca Cotterman's March 16, 2005 supplemental memorandum concerning remand (doc. 42) be **GRANTED**.

6

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).


                                              /s/ Mark R. Abel
                                             United States Magistrate Judge