IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA COTTERMAN, | : | |
| Plaintiff, | : | Case No. 2:04-cv-1008 |
| v. | : | Judge Holschuh |
| QUALITY WOOD TREATING CO., et al., | : | Magistrate Judge Abel |
| | : | |
| Defendants. | | |

## ORDER

This matter is before the Court on Defendant Quality Wood Treating Co.'s August 1, 2005 objections to the Magistrate Judge's July 20, 2005 Report and Recommendation concerning remand (doc 51).  The July Report and Recommendation recommended that this case be remanded to the Franklin County Court of Common Pleas, Ohio because subject-matter jurisdiction does not exist.

This case was removed to this Court in October 2004 on Defendants' claim that complete diversity existed among the parties because Defendant Franklin County Board of Mental Retardation and Developmental Disabilities ("MRDD"), a non-diverse party, had been fraudulently joined.  The Magistrate Judge reasoned that Plaintiff Rebecca Cotterman pleaded a colorable claim against MRDD making it a proper party to this lawsuit.  Since MRDD and Cotterman are citizens of Ohio, diversity was destroyed.  Defendant argues that diversity does exist because MRDD is immune from suit under Ohio's Political Subdivision Tort Liability Act, O.R.C. § 2744.01.

1

**I. Facts.**

On September 7, 2004, Cotterman filed this suit which eventually named four Defendants: Quality Wood Treating Co.; National Industrial Lumber Co.;[1] John Doe-Name Unknown; and MRDD.  Cotterman alleges that Defendants are liable for failing to warn her about the toxic effects of treated wood which she was exposed to at her workplace.  Through her exposure, Cotterman maintains that she suffered "toxic injuries."  Defendants are the manufacturers and distributers of the treated wood and her employer, MRDD.

On October 26, 2004, Cotterman filed a motion to remand arguing that this Court is without jurisdiction because she and MRDD are citizens of Ohio.  In response, Quality Wood argued that MRDD had been fraudulently joined as a Defendant, but even if it had not been fraudulently joined, Cotterman had failed to state a claim against MRDD.  Defendants argued that generally under the Ohio Workers' Compensation Act, an employee may not sue their employer "for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment."  O.R.C. § 4123.74; *see Jandro v. Ohio Edison Co.,* 167 F.3d 309, 313 (6th Cir. 1999).  Rather, the employee may seek redress through the Workers' Compensation Act.

On February 22, 2005, the Magistrate Judge issued a Report and Recommendation which stated that Cotterman would generally have to seek redress under the Ohio Workers' Compensation Act, but he recognized an exception when an

---

[1] For the sake of clarity, National was not named as party until this action was removed to this Court.  Accordingly, National did not need to consent to removal.

employee makes "an employment intentional tort" claim against an employer. O.R.C. § 2745.01. An "employment intentional tort" is defined as "a tortious act" committed by an employer "with the intent to injure or the belief that the injury was substantially certain to occur." O.R.C. § 2745.01. The Magistrate Judge held that Cotterman's first amended complaint contained allegations suggesting that MRDD engaged in intentional tortious conduct, but her claim had some ambiguity. Consequently, the Magistrate Judge granted Cotterman leave to file an amended complaint in order to clear up any ambiguity and to formally plead an intentional tort claim against MRDD. The Report and Recommendation also deferred ruling on the issue of remand until supplemental briefs could be filed. Following the filing of these supplemental briefs, the Magistrate Judge issued his July 20, 2005 Report and Recommendation. The Magistrate Judge determined that because there was conflicting case law on the constitutionality of Ohio's Political Subdivision Tort Liability Act, O.R.C. § 2744.01, under the Ohio State Constitution, Cotterman had pleaded a colorable claim against MRDD, a non-diverse Defendant, which destroyed diversity jurisdiction.

On August 1, Quality Wood filed objections to the Report and Recommendation arguing that Cotterman has not pleaded a colorable claim against MRDD. It maintains that MRDD is immune from suit under the Political Subdivision Tort Liability Act since the Act has not been held unconstitutional by the Supreme Court of Ohio.

**II. Discussion.**

Pursuant to 28 U.S.C. § 636(b), objections to the Magistrate Judge's Report and Recommendation are subject to *de novo* review. In removal cases founded upon diversity, the inquiry is whether diversity existed between the parties at the time of

3

removal. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). Diversity jurisdiction requires complete diversity across the versus line. *Id.* The "party 'seeking to bring a case into federal court carriers the burden of establishing diversity jurisdiction.'" *Id.* at 493 (quoting *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989)). However, an exception to complete diversity exists when a party has been fraudulently joined to the litigation in an effort to destroy diversity jurisdiction.[2] *Id.* In order to prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *Id*. (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Id.* Any ambiguities in the controlling state law must be resolved in favor of the non-removing party. *Id*.

It is uncontested that MRDD was a non-diverse Defendant when this action was originally filed and removed. Moreover, Cotterman's amended complaint pleads an intentional tort claim against her employer, which Ohio law generally allows. The issue remains whether MRDD should have been made a party to this action because it is arguably immune from suit under the Political Subdivision Tort Liability Act. O.R.C. §

---

[2] In Quality Wood's objections to the Report and Recommendation, it makes no mention of fraudulent joinder. If, however, Quality Wood has abandoned this argument, then the objections are a motion to dismiss for failure to state a claim. Since it is uncontested that Cotterman and MRDD are citizens of Ohio, this Court would not have jurisdiction to entertain this argument. Rather, Quality Wood should have sought dismissal of MRDD prior to removing this case to federal court. While federal courts may cure jurisdictional defects by dismissing non-diverse parties, as this Order states, this Court is not dismissing MRDD from this action. *See RTC Commercial Loan Trust v. Templeton,* 12 F. Supp. 2d 667, 669 (W.D. Mich. 1997).

2744.01. This provision has been interpreted to generally provide immunity from civil actions to MRDD for governmental and proprietary functions. *See Terry v. Ottawa County Bd. of MRDD*, 151 Ohio App. 3d 234 (2002). However, in *Kammeyer v. City of Sharonville*, 311 F. Supp. 2d 653, 662 (S.D. Ohio 2003), this Court determined that this provision was unconstitutional because it violated the plaintiffs' constitutional rights to trial by jury and remedy under the Ohio Constitution. Quality Wood correctly points out that the Supreme Court of Ohio has not yet directly dealt with the constitutionality of this provision; however, it has suggested that if confronted with the issue it would hold the provision unconstitutional. *Id.* at 662 (citing *Butler v. Jordan*, 92 Ohio St. 3d 354 (2001)).

All that Cotterman must prove is that she has stated a colorable intentional tort claim against MRDD. It is the removing party's burden to present evidence that Cotterman does not have a colorable state law claim, and Defendants have not met this burden. Quality Wood has attached numerous cases in which Ohio courts have continued to apply the Act, but this does not mean that if the Ohio Supreme Court was confronted with a direct challenge to the Act's constitutionality, that it would hold the Act constitutional, particularly when it has previously expressed doubt about its constitutionality. *See Butler*, 92 Ohio St. 3d 354.

In its argument, Quality Wood also relies in part on the recent decision in *Armstrong v. U.S. Bank*, 2005 WL 1705023 * 9 n. 7 (S.D. Ohio July 20, 2005), in which this Court stated that it declined to follow the decision in *Kammeyer.* However, the present situation is distinguishable. Here the Court is considering whether Cotterman has pleaded a colorable claim against MRDD for purposes of creating or destroying

jurisdiction.  *Coyne*, 183 F.3d at 493.  Because of the limited jurisdiction of federal courts, all doubts must be resolved in favor of remand.  *Id.*  In *Armstrong*, the court was determining whether a claim against the city for the intentional infliction of emotional distress should be dismissed.  *Armstrong*, 2005 WL 1705023 *9.

**IV.  Conclusion.**

Accordingly, Defendant Quality Wood Treating Co.'s August 1, 2005 objections to the Magistrate's July 20, 2005 Report and Recommendation concerning remand (doc 51) are **OVERRULED.**  The Magistrate Judge's July 20, 2005 Report and Recommendation (doc. 50) is **ADOPTED.**  This case is **REMANDED** to the Franklin County Court of Common Pleas, Ohio.


September 13, 2005                           /s/ John D. Holschuh
                                             John D. Holschuh, Judge
                                             United States District Court

6